IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CODY SCHOOLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00700-DGK |
| | ) |
| AMAZON LOGISTICS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART MOTION TO CONSOLIDATE

This is a personal injury case. Plaintiff Cody Schooler was allegedly injured in an automobile crash when the truck he was driving collided with a tractor trailer driven by Defendant Nosaze E. Ighodaro. Defendant Ighodaro was allegedly driving the tractor trailer on behalf of Defendants Ares Transportation, LLC and Amazon Logistics, Inc. Plaintiff filed a three-count negligence lawsuit against Defendants in the Circuit Court of Cass County, Missouri. Defendants removed to this Court.

Now before the Court is the parties' joint motion to consolidate this case with a related case, *Matthew Schooler v. Amazon Logistics, Inc., et al.*, No. 21-cv-699-DGK (W.D. Mo. Sept. 29, 2021). ECF No. 14. The plaintiff there—Matthew Schooler—was the passenger in the truck driven by Plaintiff Cody Schooler. The parties initially sought to consolidate the cases for discovery purposes only, *id.*, but the Court ordered the parties to brief why the cases should not be consolidated completely, including for trial, ECF No. 23. Defendants responded that the cases should be consolidated all the way through trial, ECF No. 25, but each plaintiff (together "Plaintiffs") argued that the Court should: (1) set the cases for trial on the same day but wait to

determine whether a joint trial would be appropriate after discovery; or (2) consolidate the cases for trial on liability but have separate trials for each plaintiff on the causation and damages issues, ECF No. 24.

When cases "involve a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). If a common question exists, the Court then balances "the convenience and economy in the administration of actions achieved through consolidation against the danger of inefficiency, inconvenience, or unfair prejudice to a party." *Keil v. Bearden*, No. 18-06074-CV-SJ-BP, 2021 WL 7708479, at *1 (W.D. Mo. Nov. 17, 2021) (internal quotation marks omitted). Consolidation is favored "when two cases involve 'common parties, overlapping legal issues, and related factual scenarios.'" *Keil*, 2021 WL 77088479, at *1 (quoting *Horizon Asset Mgmt. v. H&R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009)).

The Court holds that the cases should be consolidated completely, including for trial. The cases have completely overlapping legal and factual issues. Each case involves the same accident: Defendants allegedly collided with Plaintiffs' vehicle and allegedly caused them serious bodily injury. The legal claims are the exact same in each case. This means that the cases will have almost identical discovery, evidence, and witnesses. Given this significant factual, legal, and evidentiary overlap, consolidating the cases completely will reduce costs for the parties and save the parties, the Court, and the jury an immense amount of time.

Plaintiffs argue that the cases should not be tried together for two reasons. First, a joint trial could lead the jury to unfairly weigh the injuries and damages of Plaintiffs against each other.

2

Second, Cody Schooler (the driver) may have a comparative fault defense against him, while Matthew Schooler (the passenger) will not have any such defense. But this alleged prejudice or confusion of issues can be ameliorated by limiting instructions that appropriately guide the jury's focus; it does not require the costly and time-consuming process of impaneling two different juries to hear almost identical evidence. So these speculative possibilities of prejudice do not outweigh the immense efficiency and cost savings from a joint trial. Indeed, despite being ordered to do so, Plaintiffs have not directed the Court to any authority supporting their specific request for separate trials here.

For the foregoing reasons, the Court GRANTS IN PART the parties' joint motion. The Court ORDERS that this case is to be consolidated completely—including for trial—with *Matthew Schooler v. Amazon Logistics, Inc., et al.*, No. 21-cv-699-DGK (W.D. Mo. Sept. 29, 2021). All future filings in the above-listed case shall be filed in Case No. 21-cv-699-DGK only. And the parties are ORDERED to file a single proposed scheduling order by April 29, 2022.

**IT IS SO ORDERED.**

Dated: <u>April 20, 2022</u>     <u> /s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT